IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STACY W. BRACKENS, et al., § | |
| § | |
| v. § | A-06-CA-682 LY |
| § | |
| TEXAS HEALTH AND HUMAN § | |
| SEVICES COMMISSION AND TEXAS § | |
| DEPARTMENT OF FAMILY AND § | |
| PROTECTIVE SERVICES § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Motion to Dismiss filed September 25, 2006 (Clerk's Doc. No. 9). For reasons not readily apparent, Plaintiff originally filed this lawsuit in the federal district court for the District of Kansas. That court transferred the case to the Western District of Texas based on Plaintiff's pleadings stating that he lives in Round Rock, Texas, and that venue properly lies in the "District of Texas." *See* Order filed August 28, 2006 (Clerk's Doc. No. 5).

**I.   BACKGROUND**

As best as the Court can tell – Plaintiff is proceeding *pro se* and his complaint is not a model of clarity – the causes of action pled by Plaintiff are: race discrimination (with reference to "Civil Rights Act"), breach of contract, Americans With Disabilities Act ("ADA"), harassment, selective prosecution, unprofessional conduct, mental anguish, and oppression. *See* Complaint, at 2 (Clerk's Doc. No. 1). It appears from the Complaint that Plaintiff's factual account of what happened is as follows: Plaintiff, who is African-American, was visited by a caseworker, Chrissie Hartley, from the Texas Department of Family and Protective Services ("TDFPS") after his child S.B. – who is

apparently a 10 year-old Caucasian boy – reported to the school nurse that Plaintiff had spanked him and left a bruise in the lower buttocks area. *See* Complaint at 6. During the meeting with the caseworker, Plainitff allowed Hartley to inspect the rest of his children for signs of abuse. *Id.* About a month after the home visit, Plaintiff's wife, Dana, met with Hartley. Hartley told Dana that she and Plaintiff should attend parenting and anger management classes. *Id.* at 7. Hartley further informed the couple that if they did not go voluntarily to the classes, TDFPS would get a court order. *Id.* Apparently, because of Plaintiff's refusal to comply, TDFPS obtained a court order. *Id.* The court order was received by Plaintiff on July 19, 2006. *Id.* This suit was filed shortly thereafter, on July 31, 2006. Plaintiff is seeking $600,000 in damages for his claims.

## II.  DISCUSSION

At the outset, the Court notes that Plaintiff has brought this suit individually as well as on behalf of Dana E. Brackens, his five minor children (C.B., E.B., E.B., S.B., A.B.) and "on behalf of all person similarly situated." To the extent that these parties are correctly named plaintiffs, they appear to be represented by Plaintiff himself, rather than counsel. In federal court, however, a non-lawyer may only represent himself or be represented by an attorney; he cannot represent others. *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Thus, Plaintiff, a non-laywer, cannot assert the rights of or represent any of the people named above, or "all persons similarly situated."

Second, the Court notes that Plaintiff is a frequent litigator in federal court. Dating back to December 16, 2005, this is the fifth federal lawsuit Plaintiff has filed in Austin, and the eighth in the Western District of Texas in that same period. These suits have been dismissed for failure by Plaintiff to pay filing fees, withdrawn by Plaintiff on his own motion, dismissed for lack of

jurisdiction, transferred to another federal district court because it was filed in the wrong district, and dismissed on the merits.

### A.   Plaintiff's Federal Law Claims

Generously construed, Plaintiff's federal law causes of action are a claim under the ADA and a civil rights § 1983 claim for violation of his Fourteenth Amendment rights. *See* Complaint, at 2 (complaining of "selective prosecution" because of TDFPS's court order requiring him to go parenting classes because of his race).

The Supreme Court has made it clear that the "ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). State agencies, such as the defendants being sued here, are "arms of the state" and therefore are protected by the Eleventh Amendment's grant of immunity. *Williams v. Dallas Area Rapid Transit*, 242 F.3d 318-20 (5th Cir. 2001). In *Garrett*, the Supreme Court made clear that Congress did not, nor could not, rewrite Fourteenth Amendment law in order to uphold the ADA's application to the states. *Garrett*, 531 U.S. at 373-74. Therefore, Plaintiff's ADA cause of action is barred by the Defendants' sovereign immunity and should be dismissed.[1]

---

[1] And even if the ADA claim were not barred by the Eleventh Amendment, it is a patently meritless claim. The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring . . . or discharge of employees." 42 U.S.C. § 12112(a); *see also Cutrera v. Bd. of Supervisors of Louisiana State Univ.*, 429 F.3d 108, 111 n.2 (5th Cir. 2005). Alternatively, it guarantees disabled individuals access to public buildings, *see e.g., Dare v. California*, 191 F.3d 1167, 1172-73 (9th Cir. 1999). Plaintiff is of course not employed by the Defendants, nor does he complain that they have denied him access to public buildings, so his claim cannot fulfill even the basic requirements of an ADA cause of action.

The same holds true for Plaintiff's § 1983 cause of action. The Supreme Court, in *Will v. Michigan Dept of State Police*, reaffirmed its holidng that Congress did not intend to abrogate state sovereign immunity in § 1983 claims. 491 U.S. 58, 66 (1989) (citing *Quern v. Jorndan*, 440 U.S. 332 (1979)). That is, a state is not a "person" for purposes of § 1983. *Id*. at 64. Therefore, Plaintiff cannot proceed with his § 1983 claim (which he refers to as his "civil rights" claim) either.

**B.     Plaintiff's State Law Claims**

The remainder of the claims raised by Brackens are state law claims. In its seminal case *United Mine Workers v. Gibbs*, the Supreme Court stated:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. 715, 726 (1966) (citations omitted). In other words, when the primary federal claims have settled or dismissed before trial, any lingering state law claims should also be dismissed. *Ramon v. Lee*, 304 F.3d 473, 475 (5th Cir. 2002). Considering *Gibbs*' instructions with regard to Brackens' state law claims, there is no reason to keep Plaintiff's state law claims in this Court. There is no concern for judicial economy, or convenience and fairness to either party by having this Court resolve the state law claims. Therefore, Plaintiff's state law claims – inasmuch as they can be classified under that rubric, a proposition that is far from airtight – should be dismissed without prejudice..

### C.   Plaintiff's Litigiousness

As noted, Plaintiff has filed eight pro se suits in this district over the past eleven months. It is therefore **RECOMMENDED** that the District Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits – such as the present one – may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to FED. R. CIV. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

### IV.   RECOMMENDATION

The Magistrate Court **RECOMMENDS** that Defendants' Motion to Dismiss (Clerk's Docket No. 9) be **GRANTED**. The Court **FURTHER RECOMMENDS** that the District Court formally warn Plaintiff in the manner prescribed in II.C of this Report and Recommendation regarding his filing of frivolous lawsuits.

### V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 3rd day of November, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE